Erwin **WINDEMUTH** et al., Plaintiffs,

v.

Edward J. **BRENNER**, Commissioner of Patents, Defendant.

Civ. A. No. 209-66.

United States District Court
District of Columbia.

March 20, 1967.

John H. Sutherland, St. Louis, Mo., and Jesse B. Grove, Jr., Washington, D. C., for plaintiffs.

Raymond E. Martin, Washington, D. C., for defendant.

OPINION

HOLTZOFF, District Judge.

This is an action under Title 35, Section 145, U. S. Code, against the Commissioner of Patents to authorize him to issue a patent on a claim that he has rejected.

The application for a patent was made by Erwin Windemuth and another, and is numbered 678,437. It was filed on August 15, 1957, but claims a priority date of August 22, 1953, by reason of a German patent on the same invention.

The alleged invention relates to a process for manufacturing certain types of plastics. Specifically, the process consists of taking the components out of which the plastic is to be fabricated and using two catalysts in order to create the reaction between the components, which would lead to the formation of the final product. The two catalysts must be of a specific nature: one of them must be

a basic organic reaction accelerator, and the other a non-basic organic metallic compound. The terms "basic" and "non-basic" are not used in the ordinary colloquial sense, but in a scientific significance, one of them meaning "alkaline" and the other "acidic".

That an advance in the art was made by the inventors was not finally disputed by the Patent Office. A narrow claim was allowed covering some of the specific compounds disclosed in the application. The Patent Office, however, rejected a broad claim which is the subject matter of this suit.

The typical claim involved in this action is Number 8, which covers the use of any basic reaction accelerator coupled with any non-basic metallic organic compound. The Examiner at the Patent Office rejected the broad claim on two grounds. The Court will consider each of them separately.

The first ground was that the claim was too broad. Admittedly, Claim 8 would cover an indefinite and unknown number of compounds. The plaintiffs' witness, Dr. Milton Orchin, was asked by the Court how many non-basic organic metallic compounds there were in existence. He answered, "Over a thousand". The plaintiffs' witness, Frisch, estimated that about sixty different metals are covered by Claim 8. Each of these two witnesses were expert chemists with a great many years of experience, and they did not agree among themselves as to how broad a field was being covered by the claim that the Patent Office rejected. In other words, the full extent of the class that the claim would cover is not definitely known.

The Court, as well as the Patent Office, in determining these matters must bear in mind the public interest, because the grant of a patent is a grant of a monopoly against the entire public. The rejected claim covered a broad, unlimited, indefinitely defined monopoly of using possibly thousands of substances in a specific connection.

To repeat, even the full extent and definite boundaries of the proposed monopoly would not be defined in the claim. The rejection by the Examiner, which was affirmed by the Board of Appeals of the Patent Office, sufficiently and properly protects the public interest in this respect. This ground alone, in the opinion of the Court, is sufficient to justify the rejection of the claim in suit.

Taking up the second ground of rejection, which is that it is impossible to predict the manner in which these numerous catalysts would invariably react, the Examiner stated that:

"  *   *   * It has long been recognized that the use of compounds as catalysts is unpredictable. Merely because one compound of a certain class may function as a catalyst one cannot predict with certainty that each and every member of the class will function in the same manner."

The Board of Appeals of the Patent Office expressed the same view. In sustaining the ruling of the Examiner that the claim was too broad, the Board stated:

"This is particularly true in view of the unpredictability of catalytic behavior."

It has been held time and time again by the Court of Appeals that on technical matters great weight should attach to the views of the experts of the Patent Office. It should be borne in mind in this connection that they are impartial and disinterested.

Two expert witnesses called by the plaintiff to contradict the expertise of the Patent Office testified that, in their opinion, catalytic behavior was predictable. This testimony is not sufficient to overcome the expertise of the Patent Office, especially when the testimony of the two witnesses, whose attainments are not disputed, is analyzed in detail. To be sure, the witness Frisch testified, categorically, that he could predict the reaction of catalysts under particular circumstances, although he could not predict the degree of the reaction. The other witness, Dr. Orchin, was more cautious. He testified that, in his opinion, some catalytic behavior is predictable, and

that a substantial fraction of homogenious catalysts were predictable as to their reactions.

These expressions were of a general nature. Neither of the witnesses testified affirmatively that the combination of the two types of catalysts referred to in the claim would always react in the same way, in spite of the vast number of catalysts that were included. In any event, the Court is of the opinion that it should rely on the expertise of the Patent Office. While it is entirely possible to overcome it in some instances, this has not been accomplished in this case.

The inference, of course, is that if the behavior of all of this numerous group of compounds, as catalysts, is not always predictable, it does not follow that the result described in the patent would necessarily be reached by the use of any compound in these broad categories. This consideration affects the validity of the broad claim.

At the trial counsel for the Patent Office interposed a new defense, not presented by the pleadings or considered in the Patent Office. With commendable zeal and resourcefulness, counsel for the Patent Office, in preparing this case for trial, made an independent search of the prior art and discovered a prior patent apparently not found by the Examiner, which counsel claims is an anticipation of the invention in question. The patent is No. 2,916,464, issued on December 8, 1959, having a priority date of December 6, 1956, the patentee being Harold Ebneth and others. This patent discloses the use of some compounds of the class involved in the broad claim of the application, the use being of the same type as that made in this litigation.

Standing alone, this patent might constitute an anticipation of the disclosure of the application in suit. The plaintiffs are, however, entitled to whatever disclosure is to be found in their parent application which was superseded by the application in suit. The parent application was filed on August 10, 1954 and, therefore, antedated the Ebneth patent. It made a broad disclosure of the

use of a basic reaction accelerator together with a metallic compound of a non-basic nature. This disclosure seems to lead to the conclusion that the Ebneth patent cannot be deemed an anticipation of the invention in suit, because the invention was disclosed as early as 1954, whereas the Ebneth patent is entitled to a 1956 date.

The Court reaches the conclusion that each of the two grounds for rejection advanced by the Patent Office is valid and that, therefore, the decision of the Patent Office should be sustained by this Court.

The Court will render judgment for the defendant, dismissing the complaint.

Counsel will please submit proposed findings of fact and conclusions of law.